## HILLAND, ET UX. v. MONTGOMERY COUNTY COUNCIL

[No. 542, September Term, 1966.]

*Decided October 11, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, OPPENHEIMER, McWILLIAMS, FINAN, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*Robert T. Gaston,* with whom were *Ferdinand J. Mack* and *James E. Hogan* on the brief, for appellants.

*H. Christopher Malone, Assistant County Attorney,* with whom was *David L. Cahoon, County Attorney,* for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Arthur Hilland and his wife (the Hillands) are the owners of 4531 and 4611 High Street in Chevy Chase, Montgomery

County. They acquired 4531 in 1957; 4611 in 1960. In September 1964 the appellee, the County Council acting as the District Council (the Council), reclassified a part of their property from R-60 (Residential) to C-2 (Commercial). Apartment hotels had, for some years, been a permitted use in C-2 zones. In January 1966 the Council enacted an ordinance (No. 5-146) creating a new zoning classification (R-CBD) in which apartment hotels were declared to be a permitted use. The ordinance also provided that the construction of apartment hotels in any other zone would be prohibited unless preliminary plans were on file with the Department of Inspection and Licenses on or before the effective date of the ordinance (25 January 1966), "provided, however, that the final working plans of such proposed apartment hotel * * * are on file with said Department on or before April 25, 1966." The Hillands failed to comply with the requirement in respect of "working plans." On 26 April 1966 the Council adopted another ordinance (No. 5-162) the effect of which, among other things, was to delete apartment hotels from the uses permitted in C-2 zones. The Hillands, claiming to be aggrieved persons under the provisions of Sec. 70-90 of the Montgomery County Code (1965) (Laws of Maryland, 1959, Chap. 780, Sec. 1, Par. 78A), noted an appeal to the Circuit Court for Montgomery County from the Council's enactment of ordinance No. 5-162. Contending the ordinance accomplished only a text amendment and that Sec. 70-90, *supra,* allows appeals from map amendments only, the Council moved, pursuant to Maryland Rule 323 a (1), to dismiss the appeal. The Hillands have appealed to this Court from the order of the trial judge dismissing their appeal from the action of the Council.

The Hillands argue that while the ordinance may be, in form, an amendment to the text, it is in substance, at least as to their property, an amendment to the map. The Council, they point out, instead of substituting a new symbol for the one on the map has given the existing symbol a new meaning. This change in the meaning of the map, they urge, is in fact a map amendment. In our judgment the applicable statutes and ordinances compel a contrary conclusion.

Sec. 70-90, *supra,* provides in part as follows:

"* * * [A] final decision of the district council on any application for *a map amendment* may * * * be appealed by any person aggrieved by the decision to the circuit.court * * *." (Emphasis supplied.)

An examination of the ordinances of the Council found in the Montgomery County Code (1965) makes apparent the clear distinction between "map amendments" and "text amendments." Excerpts therefrom are set forth below:

"Application for amendment of this chapter may be either proposals for amendment of the *text* of this chapter or proposals for amendment of the zoning *map*." Sec. 111-38. (Emphasis supplied.)

"Proposals for amendment of the zoning *map* may be made only by any governmental agency or by a person with a financial, contractual or proprietary interest in the property to be affected by the proposed amendment. Proposals for amendment of the *text* of this chapter may be made by any interested person or governmental agency." Sec. 111-39. (Emphasis supplied.)

"An application for a local *map amendment* shall not be accepted for filing by the department if the application fails to conform to any of the applicable requirements of sections 111-38 through 111-50 of this Code * * *." Sec. 111-40. (Emphasis supplied.)

"After acceptance for filing, an application for a *map amendment* shall not be modified or amended as to the area proposed to be reclassified or as to the class of zone requested." Sec. 111-40. (Emphasis supplied.)

"In case of an amendment to the *text* of this chapter, the application therefor shall set forth *new text* to be added and *existing text* to be deleted." Sec. 111-42. (Emphasis supplied.)

"(a) Notice of hearing:

(1) Upon accepting any application under section 111-38 of this Code for filing, the department shall set the application for hearing at a specified date, time and place, and shall cause to be published once in at

least two weekly newspapers of general circulation published in the county a notice of the public hearing on such application, stating the application number, date, time and place of hearing and containing the following:

a. A summary of the amendment if a *text amendment*.

b. The location of the property, its area, name of owner, change of classification or two alternative classifications applied for, and application number if a *local map amendment.*" Sec. 111-47. (Emphasis supplied.)

"(a) An application for a *map amendment* shall be decided on the basis of the evidence of record.

(b) An application for a *map* or *text amendment* shall be either approved or denied on the merits, or denied for want of a majority as provided in section 111-49 of this Code * * *." Sec. 111-48. (Emphasis supplied.)

"The decision of the district council of any application for a *map or text amendment* shall be final; except, that the district council on its own motion may, within thirty days thereafter, reconsider its decision on any application. The adoption of a resolution on such a motion to reconsider shall stay the time within which an appeal may be filed in the circuit court pursuant to section 70-90 of this Code." Sec. 111-50. (Emphasis supplied.)

Judge Moore in his opinion observed the absence of any citations of authority for the "proposition that the deletion of a permitted use from the zoning ordinance text operates as a map amendment with respect to any property or properties in the zoning classification thus affected." There were in the briefs and arguments before us no citations supporting such a proposition nor has our own research revealed any. We agree with Judge Moore that the "conclusion is inescapable that the action of the County Council in this matter was an amendment to the text of the Zoning Ordinance and not to the Zoning Map."

The Hillands concede that this appeal does not reach the merits of their quarrel with the Council and that its only purpose is to obtain a determination of "the proper appellate route to be used in obtaining a review of [their] complaints." Indeed, as Judge Moore noted, they have filed a bill in equity "seeking the identical relief prayed for in the instant appeal. * * * They are pursuing both remedies simultaneously 'out of an abundance of caution.'" The Council's demurrer, we are told, has been overruled and the case is still pending.

*Order affirmed.*
*Costs to be paid by the appellants.*